**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

THE CALIFORNIA INSTITUTE OF
TECHNOLOGY,

                            Plaintiff,

v.

HP INC.,

                            Defendant.

Civil Action No. 6:20-cv-01041-ADA

**HP INC.'S OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF
VENUE**

## <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS ....................................................................................2

III.  LEGAL STANDARD ...........................................................................................3

IV.  ARGUMENT ........................................................................................................4

    A.  Caltech Could Have Filed This Action In Austin. ....................................4

    B.  The Austin Division Is More Convenient Than The Waco Division. ......4

        1.  Ease Of Access To Sources Of Proof .........................................5

        2.  Availability Of Compulsory Process ..........................................6

        3.  Cost Of Attendance For Willing Witnesses ................................6

        4.  Practical Problems That Make Trial Easy, Expeditious, And Inexpensive ................................................................................7

        5.  Administrative Difficulties Flowing From Court Congestion .....8

        6.  Local Interest .............................................................................8

        7.  Forum's Familiarity With Governing Law ..................................9

        8.  Avoidance Of Unnecessary Problems In Conflicts Of Law Or In The Application Of Foreign Laws .......................................9

V.  CONCLUSION......................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Auto-Dril, Inc. v. Pason Systems USA Corp.*,
  No. 6:15-cv-00093-JCM, 2015 WL 12780779 (W.D. Tex. June 29, 2015) ............................6

*Chase v. Andeavor Logistics, L.P.*,
  5:18-cv-01050-DAE, 2019 WL 5847879 (W.D. Tex. July 9, 2019) .......................................9

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017).............................................................................................4

*Datascape, Ltd. v. Dell Technologies Inc.*,
  No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ..................... *passim*

*Fintiv, Inc. v. Apple Inc.*,
  No. 1:19-cv-01238-ADA, Dkt. No. 212 (W.D. Tex. Feb. 11, 2021).......................................2

*Frischhertz v. King*,
  No. 1:19-cv-01017-SJH, 2019 WL 6606532 (W.D. Tex. Dec. 5, 2019) .................................7

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..........................................................................................5, 7

*Hammond Development International, Inc. v. Amazon.com, Inc.*,
  No. 6:19-cv-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020).................... *passim*

*Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*,
  No. 1:14-cv-00464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)..............................8

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ......................................................................................... *passim*

*Uniloc USA Inc. v. Box, Inc.*,
  No. 1:17-cv-00754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018) ..................................9

*In re Volkswagen of America Inc.*,
  545 F.3d 304 (5th Cir. 2008) (*en banc*) ........................................................................3, 4, 5

*Wet Sounds, Inc. v. Audio Formz, LLC*,
  No. 17-cv-00141-AWA-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017) .........................8

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................1, 3, 4

35 U.S.C. § 1391(b) ........................................................................................................................4

## I.    INTRODUCTION

Defendant HP Inc. ("HP") makes two points at the outset:

- This is ***not*** a motion for inter-district transfer.

- This is a motion for intra-district transfer that assumes that the Austin courthouse will be open for trials by the time of any trial in this case—i.e., in mid- to late-2022. In short, HP is assuming that this case can be tried on a regular schedule in Austin.

Against that backdrop, this motion seeks transfer to the Austin Division because this litigation has no connection to the Waco Division.  Defendant HP Inc.'s ("HP") sole place of business within the District is in Austin, Texas, which is within the Austin Division, and any relevant documents and witnesses in this District are also located there.  HP has no facilities or operations in the Waco Division.  Likewise, the only other party to this case, The California Institute of Technology ("Caltech"), also has no connection to Waco, as it is a university located in Southern California.  Under circumstances like these, with an accused infringer located in the Austin area and a patentee having no connection to Waco, this Court held that such facts show "that venue is 'clearly more convenient' in the Austin Division of the Western District of Texas." *Hammond Dev. Int'l., Inc. v. Amazon.com, Inc.*, No. 6:19-cv-00355-ADA, 2020 WL 6136783, at *6 (W.D. Tex. Mar. 30, 2020).

HP accordingly moves to transfer this case to the Austin Division under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Although the Austin Division is not currently holding trials due to COVID-19 restrictions, the Austin courthouse should reopen well before this case reaches trial.  The Austin courthouse's closure is scheduled only until April 30, 2021, vaccinations are already widely available in Texas, and this Court has continued to set trial

dates in Austin since the pandemic.[1]  These facts all demonstrate that this case could be tried on a regular schedule in Austin.

## II.   STATEMENT OF FACTS

HP has maintained a place of business in Austin, Texas since 2013.  Declaration of Brenda Sherman in Support of HP's Opposed Motion for Intra-District Transfer of Venue ("Sherman Decl.") ¶ 4.  HP has no facilities in Waco and is unaware of any relevant employees in the Waco area.  *Id*.  By contrast, HP has more than 140 employees based in the Austin Division, including the HP engineer who leads the team responsible for incorporating the chips that supply Wi-Fi functionality into the accused HP computer products.  *Id*. ¶¶ 4, 6.

Caltech likewise has no relevant connections to the Waco Division.  Caltech is a university located in Pasadena, California, which is 1,400 miles from Waco.  Am. Compl. ¶ 3.  The Amended Complaint does not identify any Caltech facilities or employees in the Waco area, much less ones relevant to this dispute.  Nor does Caltech plead that any relevant evidence is located in Waco.

The five named inventors of the patents-in-suit also lack any connection to the Waco Division.  Hui Jin resides in New York City.  Declaration of Mark Selwyn in Support of HP's Opposed Motion for Intra-District Transfer of Venue ("Selwyn Decl.") ¶ 2 (https://www.linkedin.com/in/hui-jin-932a0612).  Aamod Khandekar appears to reside in San Diego, California.  *Id*. (https://www.linkedin.com/in/aamod-khandekar-095b5428).  Dariush Divsalar and Fabrizio Pollara both appear to reside in the Greater Los Angeles Area, California.  *Id*. (https://www.linkedin.com/in/dariush-divsalar-7a23a77; https://www.linkedin.com/in/fabrizio

---

[1] *Fourteenth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created By The COVID-19 Pandemic* (W.D. Tex. Mar. 17, 2021) (district wide standing order); Texas Department of State Health Services, *COVID-19 Vaccine Information*, Mar. 31, 2021, https://dshs.texas.gov/coronavirus/immunize/vaccine.aspx#:~:text=Texas%20continues%20to%20receive%20doses,public%2C%20but%20that%20may%20change; *Fintiv, Inc. v. Apple Inc.*, No. 1:19-cv-01238-ADA, Dkt. No. 212 at 2 (W.D. Tex. Feb. 11, 2021).

-pollara-1197981).   Robert McEliece is deceased.  *Id*.  The Amended Complaint does not identify any other individuals who may reasonably be witnesses in this case.

Despite all this, Caltech filed suit in the Waco Division, alleging that HP has infringed five patents (four of which have expired): U.S. Patent Nos. 7,116,710 ("'710 patent"), 7,421,032 ("'032 patent"), 7,916,781 ("'781 patent"), 7,716,552 ("'552 patent"), and 8,284,833 ("'833 patent").  But in support of its allegation that venue is proper in the Western District of Texas, Caltech pleaded facts based on HP's operations in the Austin Division.  Am. Compl. ¶ 8 ("HP has committed acts of infringement and has a regular and established place of business in this District.");  *Id*. ¶ 10 (identifying HP's office in Austin, Texas).  The Amended Complaint does not identify any connections to the Waco Division for either HP or Caltech.

## III.   LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

In determining whether transfer is appropriate under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue."  *In re Volkswagen of Am. Inc.*, 545 F.3d 304 (5th Cir. 2008) (*en banc*).  If so, courts weigh the relative convenience of the destination venue based on:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8)

> the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Radmax*, 720 F.3d at 288 (citing *Volkswagen*, 545 F.3d at 315).  As detailed below, these factors strongly favor transfer of this case to the Austin Division.

## IV.    ARGUMENT

The Court should transfer this case to the Austin Division because (1) Caltech could have originally filed this case in Austin and (2) the Austin Division is by far the most convenient venue within the Western District of Texas.

### A.    Caltech Could Have Filed This Action In Austin.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen*, 545 F.3d at 312 (quoting 28 U.S.C. § 1391).  And the answer to that question here is that Caltech could have filed this action in Austin because HP has an established place of business within the Austin Division.  Sherman Decl. ¶ 4; *see also* 35 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (venue is proper where defendant has a regular and established place of business).

### B.    The Austin Division Is More Convenient Than The Waco Division.

This Court addressed similar venue facts in *Hammond* and *DataScape*.  In those cases, patent owners with no ties to Waco sued technology companies in the Waco Division.  This Court found that the Austin Division was "***clearly*** more convenient" because the accused infringers had facilities in the Austin area and maintained significant operations there.  *Hammond Dev. Int'l.*, 2020 WL 6136783, at *6 (emphasis added); *Datascape, Ltd. v. Dell Techs. Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019).  Similar to *Hammond* and *Datascape*, this case also involves parties with no relevant connection to the Waco Division and an accused infringer whose sole place of business within the District is located in Austin.  Thus,

4

the Austin Division is a far more convenient venue under the Fifth Circuit's multi-factor test, as outlined in the following chart:

| Factor | More Convenient Venue |
|---|---|
| Relative ease of access to sources of proof | Austin Division |
| Availability of compulsory process | Neutral |
| Cost of attendance for willing witnesses | Austin Division |
| All other practical problems | Austin Division |
| Administrative difficulties flowing from court congestions | Neutral |
| Local Interest | Austin Division |
| Familiarity of the forum with governing law | Neutral |
| Avoidance of problems of conflicts of laws or application of foreign laws | Neutral |

As reflected in the chart and explained below, four factors favor transfer, four factors are neutral, and no factors support litigating this case in the Waco Division. Thus, transfer should be granted. *See Datascape*, 2019 WL 4254069, at *1 (granting motion to transfer where same four factors favored transfer, and same four factors were neutral); *Radmax*, 720 F.3d at 290 (holding that it was "extraordinary error" to decline transfer where three factors supported transfer, five were neutral, and "not a single relevant factor favors the plaintiffs' chosen venue" (brackets omitted) (quoting *Volkswagen*, 545 F.3d at 318)).

### 1.    Ease Of Access To Sources Of Proof

The first factor considers the location of relevant evidence. *Hammond Dev. Int'l.*, 2020 WL 6136783, at *2; *see also Volkswagen*, 545 F.3d at 316. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (applying Fifth Circuit law).

Neither Caltech nor HP has relevant operations in the Waco area.  Thus, there are no relevant sources of proof in the Waco Division.  Further, HP likely possesses the bulk of relevant evidence because it is the accused infringer in this action.  *See Genentech*, 566 F.3d at 1345.  And HP's evidence within the Western District of Texas is located at, or accessible from, its facilities in Austin, Texas.  Sherman Decl. ¶ 7.  This factor therefore strongly supports transfer to the Austin Division.  *See Hammond Dev. Int'l.*, 2020 WL 6136783, at *3 (holding that first factor favored transfer to Austin Division because "the Amazon Defendants' sources . . . are physically within the Austin Division.").

## 2.      Availability Of Compulsory Process

The second factor considers which likely witnesses are within the subpoena power of either court.  *See Datascape*, 2019 WL 4254069, at *2; *Radmax*, 720 F.3d at 288.  Caltech has not identified, and HP is not presently aware of, any witnesses whom the Court will have to compel to testify at trial.  Thus, this factor is neutral.  *See Auto-Dril, Inc. v. Pason Sys. USA Corp.*, No. 6:15-cv-00093-JCM, 2015 WL 12780779, at *3 (W.D. Tex. June 29, 2015) ("[C]ourts, including courts within this district, have found this factor to be neutral 'where the parties have not alleged that non-party witnesses are unwilling to testify.").

## 3.      Cost Of Attendance For Willing Witnesses

The convenience of witnesses factor favors transfer to the Austin Division because that is where the HP engineer who leads the team responsible for incorporating the chips that supply Wi-Fi functionality into the accused HP computer products, Leo Gerten, is located.  Sherman Decl. ¶ 6; *see also Hammond Dev. Int'l.*, 2020 WL 6136783, at *4 (holding cost of attendance favored transfer because Amazon Defendants' "engineers working on . . . the accused devices reside and work in Austin").

Transferring to Austin will allow him and any other HP employees in its Austin office to participate in trial or hearings without having to incur the burden of traveling over 195 miles roundtrip to/from Waco.  Transfer would also avoid needless expenses associated with transit and housing employees while they are on-call for trial testimony.  Trial in Austin would further minimize disruption by allowing Mr. Gerten and any other Austin-based witnesses to work at their regular offices during the day while they are on-call and waiting to testify, and by allowing them to stay home with their families.

Further, Caltech has not indicated that any of its potential witnesses resides in Texas, much less Waco.  Thus, every Caltech witness will have to leave work for extended periods of time and incur expenses for transit and lodging regardless of whether the trial is held in Waco or Austin.  At the same time, trial in Austin would avoid these burdens for HP's Austin-based witnesses.  *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

This factor also favors holding trial in Austin when considering any relevant out-of-state witnesses.  Austin has a major international airport that services numerous airlines and can therefore accommodate out-of-state witnesses more easily than Waco.  *Frischhertz v. King*, No. 1:19-cv-01017-SJH, 2019 WL 6606532, at *4 (W.D. Tex. Dec. 5, 2019) (holding that out-of-state witnesses "would be more inconvenienced by traveling to Waco rather than Austin").  Further, transfer to the Austin Division would afford any HP out-of-state witnesses the convenience of working out of HP's Austin office while sequestered for trial.

### 4. Practical Problems That Make Trial Easy, Expeditious, And Inexpensive

The practical factors relating to the efficiency of trial also favor transfer to Austin.  This case is in its earliest stages.  The parties have yet to commence discovery, and trial is likely more

than a year away.  As this Court has recognized, when a case is still in its early stages, "proceeding to trial in Austin . . . would be just as easy and expeditious as proceeding to trial in Waco[.]" *Hammond Dev. Int'l, Inc.*, 2020 WL 6136783, at *4.

### 5.   Administrative Difficulties Flowing From Court Congestion

HP is not aware of any administrative difficulties that would arise from transferring this case to the Austin Division, since trial should occur well after the Austin courthouse reopens. Thus, the court congestion factor is neutral.  *Radmax*, 720 F.3d at 289 (holding court congestion is neutral when there are no apparent administrative difficulties).

### 6.   Local Interest

A division has greater local interest in adjudicating an action when the accused infringer is located within that division.  *Hammond Dev. Int'l.*, 2020 WL 6136783, at *5; *Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-cv-00464-LY, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014).  HP, the accused infringer in this case, has maintained an established place of business in the Austin Division for more than eight years, and currently has approximately 140 employees in the Austin area.  Sherman Decl. ¶ 4.  As this Court found in *Hammond*, this factor favors transfer because "Austin has a substantial localized interest" in a case that "centers around the work of engineers . . . within Austin."  *Hammond Dev. Int'l.*, 2020 WL 6136783, at *5 (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("Because this suit centers around the work of engineers which design and develop components of the accused products within [the] Austin [area], the Austin Division has a strong localized interest in this case."); *Datascape*, 2019 WL 4254069, at *5.

Caltech's choice to file suit in Waco does not change this analysis because a plaintiff's choice of forum is given minimal deference in the context of intra-district transfers.  *Radmax*, 720 F.3d at 289 (citing 17 James WM. Moore *et al.*, Moore's Federal Practice § 111.21[2], at 111–55

8

(3d ed. 2013)).  This is particularly true here because Caltech has already chosen to sue in a District with which it has no relevant connections.  *See Wet Sounds, Inc. v. Audio Formz, LLC*, No. 17-cv-00141-AWA-LY, 2017 WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017) ("[T]he Court will not give deference to a plaintiff's choice of forum when the plaintiff is not a residence of the chosen forum and the underlying facts of the case did not occur in the chosen forum[.]").  Thus, local interest favors transfer.

### 7.    Forum's Familiarity With Governing Law

Familiarity with governing law does not favor either venue because this case applies patent law.  *See Uniloc USA Inc. v. Box, Inc.*, No. 1:17-cv-00754-LY, 2018 WL 2729202, at *4 (W.D. Tex. June 6, 2018) (familiarity with governing law is neutral in patent cases); *see also Chase v. Andeavor Logistics, L.P.*, 5:18-cv-01050-DAE, 2019 WL 5847879, at *8 (W.D. Tex. July 9, 2019) (familiarity with governing law is neutral in cases that apply federal law).

### 8.    Avoidance Of Unnecessary Problems In Conflicts Of Law Or In The Application Of Foreign Laws

The final factor is also neutral because HP is not requesting transfer to a jurisdiction that applies different laws.  *See Radmax*, 720 F.3d at 289–90 (holding that avoidance of unnecessary problems is neutral when "transfer would not present a conflict of law or require the application of foreign law").

## V.    CONCLUSION

For the reasons stated above, the Austin Division is a more convenient venue under the Fifth Circuit's multi-factor test: four factors favor transfer, four factors are neutral, and no factors support litigating this case in the Waco Division.  HP accordingly requests that the Court transfer this case to the Austin Division.

9

Dated:  April 2, 2021

/s/ *Barry K. Shelton*
Barry K. Shelton (TX Bar No. 24055029)
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620 S, Suite 205
Austin, TX  78734-4775
Telephone: (512) 263-2165
Fax: (512) 263-2166

Garland T. Stephens (TX Bar No. 24053910)
garland.stephens@weil.com
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana, Suite 1700
Houston, TX  77002-2784
Telephone: (713) 546-5000

Anne M. Cappella
anne.cappella@weil.com
Edward R. Reines
edward.reines@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
Telephone: (650) 802-3000

Sarah R. Frazier (*pro hac vice*)
sarah.frazier@wilmerhale.com
Richard Goldenberg (*pro hac vice*)
richard.goldenberg@wilmerhale.com
Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
Richard W. O'Neill (*pro hac vice*)
richard.o'neill@wilmerhale.com
Cynthia D. Vreeland (TX Bar # 20625150)
cynthia.vreeland@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000

James M. Dowd (*pro hac vice*)
james.dowd@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone:  (213) 443-5300

Joseph F. Haag (*pro hac vice*)
joseph.haag@wilmerhale.com
Sonal N. Mehta (*pro hac vice*)
sonal.mehta@wilmerhale.com
Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:  (650) 858-6000

*Attorneys for Defendant HP Inc.*

10

## **CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(i), counsel for HP and Caltech conferred in a good faith attempt to resolve the matter by agreement.  The parties did not reach an agreement because Caltech opposes the motion.

*/s/ Barry K. Shelton*
Barry K. Shelton

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on April 2, 2021.

*/s/ Barry K. Shelton*
Barry K. Shelton

11